IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKAELLA CHRISTINA ALFARO,

    Plaintiff,                          No. 2:12-cv-2337 JAM GGH PS

    vs.

CALIFORNIA PLACE APTS., et al.,       ORDER AND

    Defendant.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed an in forma pauperis affidavit in which she states that her monthly take home income is $5,400. The affidavit also states that plaintiff has $250,000 in a checking or savings account. Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The amount of plaintiff's income shows that plaintiff is able to pay the filing fee and costs. Thus, plaintiff has made an inadequate showing of indigency. See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993); California Men's Colony v.

1

1  Rowland, 939 F.2d 854, 858 (9th Cir. 1991) rev'd on other grounds, Rowland v. California
2  Men's Colony, 506 U.S. 194, 113 S. Ct. 716 (1993); United States v. McQuade, 647 F.2d 938,
3  1940 (9th Cir. 1981) (per curiam); Stehouwer v. Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994),
4  aff'd in part, vacated in part, sub. nom. Olivares v. Marshal, 59 F.3d 109 (9th Cir. 1995).
5  Accordingly, plaintiff's application should be denied.
6          Plaintiff has named California Place Apartments as a defendant in the caption, but
7  adds the "VHP Police Department" as a defendant on another page.  The sum total of the
8  complaint consists of plaintiff's statement that she has two "safe shells" which are located in
9  Vallejo and Folsom.  She identifies the individuals who occupy them.
10         The court finds the allegations in plaintiff's complaint so vague and conclusory
11 that it is unable to determine whether the current action is frivolous or fails to state a claim for
12 relief.  The court has determined that the complaint does not contain a short and plain statement
13 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
14 policy, a complaint must give fair notice and state the elements of the claim plainly and
15 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
16 must allege with at least some degree of particularity overt acts which defendants engaged in that
17 support plaintiff's claim.  Id.
18         Furthermore, the court is unable to determine a jurisdictional basis for this action.
19 A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized
20 by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375,
21 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of
22 the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress
23 may from time to time ordain and establish."  Congress therefore confers jurisdiction upon
24 federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504
25 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be
26 raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer

Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a) in failing to allege a basis for the court's jurisdiction, and a short and plain statement of the claim and the relief sought, the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

1  general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana,
2  Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa
3  County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,
4  the original pleading no longer serves an operative function in the case.  Therefore, in an
5  amended complaint, as in an original complaint, each claim and the involvement of each
6  defendant must be sufficiently alleged.
7              In accordance with the above, IT IS HEREBY ORDERED that:
8              1.  Plaintiff's complaint is dismissed.
9              2.  Plaintiff is granted twenty-eight (28) days from the date of service of this order
10 to file an amended complaint that complies with the requirements of the Civil Rights Act, the
11 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
12 bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff
13 must file an original and two copies of the amended complaint; failure to file an amended
14 complaint in accordance with this order will result in a recommendation that this action be
15 dismissed.
16             IT IS HEREBY RECOMMENDED that: Plaintiff's application to proceed in
17 forma pauperis, filed September 11, 2012, be denied, and plaintiff be given twenty-eight (28)
18 days in which to pay the filing fee of $350.00.
19             These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
21 (14) days after being served with these findings and recommendations, plaintiff may file written
22 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
23 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
24 \\\\\
25 \\\\\
26 \\\\\

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2012

<u>/s/ Gregory G. Hollows</u><br>
UNITED STATES MAGISTRATE JUDGE

GGH:076/Alfaro2337.ifp-fr.wpd

5